## Case No. 5,639.

### GOULD et al. v. HASTINGS.

[5 Hunt, Mer. Mag. 74; 1 Betts, C. C. MS. 7.]

Circuit Court, S. D. New York. April Term, 1840.

COPYRIGHT—SUBJECTS OF—OPINIONS OF JUDGES—ASSIGNMENT—INJUNCTION.

[1. Reporters of the opinions of the judges of state supreme courts or courts of errors, delivered in writing, cannot appropriate to themselves, by copyright, an exclusive property in the publication of such opinions.]

[2. The assignee of a copyright may maintain a suit to enjoin infringement, without first establishing his title to the copyright by action at law.]

[This was a bill in equity by William Gould and David Banks against Hiram P. Hastings for an injunction against the publication of certain copyrighted law reports, to which they claimed an exclusive right as assignees of the original publishers.]

The bill was filed in this case by the complainants, as assignees of Esak Cowen and John L. Wendell, and proprietors of nine volumes of Cowen's Reports, and seventeen volumes of Wendell's Reports. It alleges, in substance, that the above volumes were composed and duly copyrighted by the reporters; that the complainants, as their assigns, have sole right or exclusive privilege of printing, reprinting, publishing, or vending the said reports; that the defendant has publicly declared his intention to publish, and is proceeding to publish, nine volumes of condensed reports, to embrace all the cases contained in the said twenty-six volumes of complainants' reports; that he has already published and prepared for sale a part of the ninth volume of his proposed condensed reports, which contains the same matter published in the sixteenth volume of Wendell's Reports, and is a violation of the said copyright; that the defendant is preparing to publish the residue of the said ninth volume, and the antecedent eight volumes, to the great injury of the complainants, and they pray an injunction, etc. An injunction was accordingly granted, to continue to the end of the succeeding term of the court, and at the same time an order was made, referring it to a master to collate the two works, and report to this court whether the defendant's publication was a copy or colorable transcript of the sixteenth volume of Wendell (except the opinions of the judges), or whether it was a fair abridgment thereof, or whether it was compiled by the defendant from the materials supplied by the complainants' publication. This order of reference was, by consent of parties, executed by William Kent, Esq., who made a detailed and clear report upon the matters of reference; upon filing which, and on his answer, the defendant moved to dissolve the injunction issued in the cause. The defendant, in his answer, admits his acts and intentions as charged in the bill, but denies many facts upon which the complainants rest their title and rights, and alleges in bar various objections, spread out at length in the answer, and which may be comprised under three general heads. First. It is asserted that the reporters are public officers, performing a duty assigned by the legislature, for which they are compensated by salary; that the publication of the reports is the essential part of their public service; and that they cannot appropriate to themselves by copyright an exclusive property therein. Second. That these law reports cannot be made subjects of copyright, the reporters not being authors in the composition or compilation of such works, in a sense to authorize them to acquire any exclusive right or privilege to publish them. Third. That, if the copyright be valid, the defendant's publication is no infringement of it. It is not important to the present history of the case to present a more ample statement of the pleadings or report of the master, or to notice various intermediate applications to the court, upon the one side and the other, to enlarge the time for proofs, to dismiss the bill, etc.

Paine & O'Connor, for plaintiffs.
Mr. Bidwell, for defendant.

Before THOMPSON, Circuit Justice, and BETTS, District Judge.

THE COURT, after advisement, decided that the complainants could not secure by copyright an exclusive right or privilege to publish the opinions of the judges of the supreme court, or members of the court of errors, delivered by them in writing in the cases decided in those courts respectively, and that, accordingly, no injunction would

lie against the defendant in respect to that part of the publication in question.

THE COURT further remarked that the decision of some of the other important points in the case depended upon facts at issue between the parties, upon which the proofs were not yet fully completed; and that, the master not being directed to take proofs, his report was not definitive upon other points that might have an important bearing on the final decision, and therefore the court would defer pronouncing any opinion upon the question whether these law reports are subjects of copyright; and, if they may be so to any extent, what parts are to be regarded original matter entitled to be so protected; and also whether the defendant's publication is to be regarded a fair abridgment or a copy or colorable transcript of the complainant's work, or whether the defendant is entitled to claim any part of his publication as an original composition or compilation,—until the cause should be brought to a hearing upon the pleadings and proofs.

THE COURT further ruled that the complainants were not bound to resort to a suit at law and establish their right in the first instance; and that, if they are entitled to the privilege of copyright, the remedy at law is not adequate to the defence and protection of such right; and that, accordingly, injunction, as an appropriate and secure remedy, will be retained until the cause is disposed of upon the merits.

Motion for continuance of injunction. On granting the injunction the circuit judge had ordered a reference to an auditor to collate the book alleged to be pirated and report to the court whether it be taken wholly or in substance from plaintiffs' work, or is original or a fair abridgment. On the coming in of the report, and hearing counsel on both sides, THE COURT decided that the publication by defendant of the opinions of the court was not an infringement of the plaintiffs' copyright; that whether the statements of the cases and arguments of the counsel were copied from the plaintiffs' work, or were digested and prepared by the defendant, were matters of fact to be determined upon the proofs; and that the injunction stand until the next term, to enable proofs to be furnished, and, if the plaintiff did not then set down and bring on the cause to hearing, the injunction be dissolved.